IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III AND JOHN HENRY FRANKS, § § § PLAINTIFFS, § § V. § § GREG ABBOTT, TEXAS ATTORNEY GENERAL, THE HONORABLE JAMES F. CLAWSON, MICHAEL P. DAVIS, JANA DUTY, WILLIAMSON COUNTY ATTORNEY, JAMES RANDALL GRIMES, THE HONORABLE MICHAEL JERGINS, LAURIE J. NOWLIN, THE HONORABLE B.B. SCHRAUB, JAMES CARLTON TODD, WILLIAMSON COUNTY, TEXAS, TEXAS STATE JUDGES MICHAEL JOE 1-N, TEXAS ATTORNEYS JAMES JOE 1-N, § § § § § § § § § § § § § § DEFENDANTS. § | CAUSE NO. A-06-CA-838-LY |

## ORDER

Before the Court is the above-styled cause. On February 5, 2007, the Court ordered the parties to submit an agreed proposed scheduling order to the Court on or before February 16, 2007. The Court granted Plaintiffs' request for an extension of time to comply with the Court's Order on March 27, 2007, ordering Plaintiffs to file a proposed agreed scheduling order on or before April 16, 2007. Plaintiffs failed to comply with this Court's March 27, 2007 Order. On April 26, 2007, this Court ordered Plaintiffs to show cause in writing within ten days why this action should not be dismissed for want of prosecution. A response to this Order was due on or before May 10, 2007. No response has been filed by Plaintiff as of this date.[1]

---

[1] On May 10, 2007, an individual representing himself to be an attorney sent a facsimile to the Chambers of this Court expressing that he intended to apply to this Court for *pro hac vice* admission

Federal Rule of Civil Procedure 16(f) provides that the court may impose sanctions for failure "to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference." "The same criteria developed for evaluating dismissals for failure to prosecute under Fed. R. Civ. P. 41(b) are to be applied in a rule 16(f) case." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). The court may dismiss an action with prejudice only if a "clear record of delay or contumacious conduct" by the plaintiff exists and "lesser sanctions would not serve the interests of justice." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The Court should also consider "aggravating factors including whether the plaintiff himself contributed to the delay, whether the defendant suffered actual prejudice, and whether the delay was intentional." *John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir. 1987).

Plaintiffs have demonstrated a clear record of delay in this action. The Local Rules of this Court required Plaintiffs to file a proposed scheduling order to this Court "[w]ithin sixty (60) days after any appearance of any defendant." W.D. Tex. Loc. R. CV-16(c). Plaintiffs' proposed scheduling order was thus due on or before January 16, 2007. The Court noted this delay in its February 5, 2007 Order and ordered the parties to comply with Local Rule CV-16. Plaintiffs did not submit their proposed scheduling order by the ordered date, asking leave instead for an extension of time. Following the Court's granting of an extension, Plaintiffs still failed to timely submit a

---

for the purposes of representing Plaintiff Lincoln. The following day, the individual sent a second letter by facsimile stating that he no longer intended to represent Lincoln. As these letters were received by facsimile rather than properly filed with the Clerk of this Court, they are not properly before the Court and will not be considered for purposes of this Order. *See* Fed. R. Civ. P. 5(e) ("the filing of papers with the court as required by these rules shall be made by filing them with the clerk of this court . . . .").

2

proposed scheduling order, nor did they present the Court with any explanation for their delay. The Court has since rendered its April 26, 2007, Show Cause Order, and Plaintiffs have filed nothing in response. The Court has thus ordered Plaintiffs to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court in three separate Orders, leading to a total of four months delay in the filing of a proposed scheduling order. Plaintiffs have noted no good cause for their repeated delays. Instead, Plaintiff Lincoln apparently delayed the filing because of his belief that "the entry of a scheduling order is premature," contrary to this Court's ruling that their submission was overdue.

Plaintiffs have also demonstrated a record of delay by their failure to serve all Defendants within 120 days of filing their complaint. Plaintiffs have further neglected to respond to this Court's April 26, 2007, Show Cause Order regarding Plaintiffs' failure to timely serve Defendants. Additionally, Plaintiffs have failed to timely respond to Defendants' motions to dismiss. Lincoln concedes that he is trained in the law and has previously pursued actions in this Court; he is therefore familiar with the rules of this Court. The Court concludes that such delay is inexcusable.

The Court finds that an "aggravating factor" is present in this action. *John*, 828 F.2d at 1131. The delay is caused by Plaintiffs themselves rather than their attorneys, because Plaintiffs are proceeding *pro se* in this litigation. Therefore, Plaintiffs alone are responsible for the delays and other failures to comply with this Court's orders.

Furthermore, the Court finds that a lesser sanction would not serve the interest of justice. The Court should consider "alternatives to dismissal, including the assessment of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *Callip v. Harris County Child Welfare Dep't*,

3

757 F.2d 1513, 1521 (5th Cir. 1985). As outlined above, Plaintiffs have failed to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court throughout this litigation, at "every stage of the proceedings." *See Callip*, 757 F.2d at 1521 (noting delay attributable to plaintiff or plaintiff's counsel during "(1) service of process; (2) pretrial motions; (3) discovery; and (4) pretrial scheduling and preparation"). The Court has granted four extensions to Plaintiffs upon Plaintiffs' request (Clerk's Documents 45, 48, 83, and 84). *See Id.* (noting accommodation by district court in providing plaintiff additional time to comply with procedural rules and court orders). In addition to the delay cited above, Plaintiffs have failed to comply with the Local Rule requiring parties to confer in a "good-faith attempt to resolve the matter by agreement" before the filing of a motion, despite this Court's advisement to Plaintiffs of the importance of the conference requirement in *Simon v. Williamson County*, 07-CV-001-LY, a civil action also before this Court in which Plaintiff Lincoln was involved as a movant and in which Plaintiff Franks was involved as a plaintiff. *See* W.D. Tex. Loc. R. CV-7. The Court finds that a lesser sanction would not lead to compliance by Plaintiffs of the rules of this Court.

Specifically, the Court finds that lesser sanctions such as the imposition of a fine or attorney disciplinary measures are inappropriate in light of Plaintiffs' *pro se* status. Further, the Court finds that dismissal without prejudice would not adequately sanction Plaintiffs for their failure to comply with this Court's orders, while it would unfairly prejudice Defendants. Defendants have actively defended against Plaintiffs' claims, having filed motions to dismiss in response to Plaintiffs' original complaint, Amended Complaint, and Second Amended Complaint, and having filed additional responses and replies to Plaintiffs' other filings in this action. Dismissing the action without prejudice would merely afford Plaintiffs further extension of time and require Defendants to defend

4

against this action for a second round of litigation. The Court has previously stricken one of Plaintiffs' filings for failure to comply with this Court's rules, and such lesser sanction has apparently not led to Plaintiffs' compliance with this Court's orders. Finally, this Court's explicit warnings of dismissal in the two April 26, 2007, Show Cause Orders have proven ineffective in leading to Plaintiffs' compliance. The Court finds that dismissal with prejudice serves the interest of justice in this action.

**IT IS THEREFORE ORDERED** that the above-titled cause of action is **DISMISSED WITH PREJUDICE**.

**SIGNED** this 14th day of May, 2007.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE